UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION

| | |
|---|---|
| WALTER S. LANGSTON,<br><br>                Plaintiff,<br><br>    v.<br><br>J.L. BROWN, Correctional Case Record Analyst, California State Prison; MARCIA GEORGE, Correctional Case Record Analyst, California State Prison; BEVERLY SWANSON, Parole Agent, Region 1 Parole Unit; K. CATER, Parole Commissioner, Board of Prison Terms; RUANNE DOZIER, District Attorney, Sacramento California District Attorney Office; MICHAEL VIRGA, Judge, Sacramento Superior Court,<br><br>                Defendants. | No.: CV-08-2475-EFS (PC)<br><br>**ORDER DISMISSING SECOND AMENDED COMPLAINT** |

### I. INTRODUCTION

Plaintiff's initial complaint was filed on October 17, 2008. ECF No. 1. On March 27, 2008, the Court dismissed this action without prejudice because Plaintiff failed to submit a certified prison trust account statement, as required by 28 U.S.C. § 1915(a)(2), within sixty (60) days of filing his Complaint. ECF No. 15. Plaintiff belatedly complied and, on January 8, 2010, he moved for reconsideration of the dismissal order and judgment. The Court granted his motion, vacated

ORDER DISMISSING SECOND AMENDED COMPLAINT - 1

the judgment, and reopened the case. ECF No. 20. On May 30, 2012, after nearly two years of inactivity in the case, the Court directed Plaintiff to submit a status update indicating whether he wished to pursue his claims. ECF No. 24. Plaintiff indicated he wished to pursue his claims and sought leave to file an amended complaint, which the Court granted. ECF No. 27. On August 27, 2012, Plaintiff submitted his Second Amended Complaint. ECF No. 28. The Second Amended Complaint is now before the Court for screening pursuant to 28 U.S.C. § 1915A. For the reasons stated herein, Plaintiff's present allegations fail to state a claim upon which relief can be granted.

## II. LEGAL STANDARDS

### A. Prison Litigation Reform Act

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. §§ 1915A(b)(1)-(2), 1915(e)(2); *see also Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual

contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989); *Franklin*, 745 F.2d at 1227.

A complaint, or portion thereof, will be dismissed for failure to state a claim upon which relief may be granted if it appears the "[f]actual allegations . . . [fail to] raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). Failure to present enough facts to state a claim to relief that is plausible on the face of the complaint will subject that complaint to dismissal. *Id.* at 570. The Court must construe the pleading in a light most favorable to Plaintiff, and resolve all doubts in Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

**B. Amended Complaint**

An amended complaint entirely supercedes the original complaint, and must therefore be complete in itself without reference to the prior or superceded pleading. *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). Therefore, all defendants or causes of action alleged in a prior complaint "which are not alleged in an amended complaint are waived." *King*, 814 F.2d at 567 (citing *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981)); *accord Forsyth*, 114 F.3d at 1474. The Court will therefore only consider the material presented in Plaintiff's Second Amended Complaint, ECF No. 28.

**C. Section 1983**

Section 1983 requires a claimant to prove that (1) a person acting under color of state law (2) committed an act that deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States. *Leer v. Murphy*, 844 F.2d 628, 632-33 (9th Cir. 1988). A person deprives another "of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that 'causes' the deprivation of which [the plaintiff complains]." *Redman v. Cnty. of San Diego*, 942 F.2d 1435, 1439 (9th Cir. 1991) (alteration in original), *cert. denied*, 502 U.S. 1074 (1992); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

A complaint must set forth the specific facts upon which the plaintiff relies in claiming the liability of each defendant. *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). Even a liberal interpretation of a civil rights complaint may not supply essential elements of a claim that the plaintiff failed to plead. *Id*. at 268. To establish liability pursuant to § 1983, Plaintiff must set forth facts demonstrating how each Defendant caused or personally participated in causing a deprivation of Plaintiff's protected rights. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Plaintiff must present a causal connection between named defendants and the conduct of which he complains. *See Hamilton v. Endell*, 981 F.2d 1062, 1067 (9th Cir. 1992).

**III. DISCUSSION**

**A.  Factual Allegations[1]**

On March 9, 2001, Plaintiff appeared before Judge Michael Virga of the Sacramento County Superior Court for sentencing following his conviction by jury trial for burglary and receiving stolen property. Plaintiff was sentenced to a total of six years imprisonment on the substantive counts, and he also received three consecutive one-year sentence enhancements for three prior criminal convictions. Because one of those prior convictions was for escaping from custody -- custody imposed for one of his other prior convictions -- the trial court was undecided whether the escape-from-custody conviction counted as a "separately served" conviction under California Penal Code § 667.5(b) for purposes of receiving a one-year enhancement. The trial court stayed the one-year enhancement for his escape-from-custody conviction, resulting in a total sentence of eight years. The Third District Court of Appeal modified the judgment by striking the one-year stayed enhancement for the escape-from-custody conviction; otherwise, the appellate court affirmed in all respects.

---

[1] The facts contained herein are set forth in Plaintiff's Second Amended Complaint and the supporting exhibits attached thereto, or are contained in the California Supreme Court's opinion in *People v. Langston*, 33 Cal. 4th 1237 (2004), an opinion addressing the appeal of Plaintiff's underlying criminal conviction. The Court assumes these factual assertions to be true for the purposes of screening Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A. *Jenkins*, 395 U.S. at 421.

In a published opinion, the Supreme Court of California concluded that Plaintiff's escape-from-custody conviction qualified as a separately-served prison term within the meaning of § 667.5(b). *People v. Langston*, 33 Cal. 4th 1237, 1241 (2004). The supreme court concluded that the appellate court erred in striking the enhancement, and it remanded for imposition of the one-year enhancement. *Id.* at 1246. The appellate court remanded to the trial court, Judge Virga, for resentencing. By way of remitter issued on March 8, 2005, the appellate court instructed Judge Virga to impose the additional one-year enhancement for the escape from custody conviction. Resentencing Tr. of 5/13/05, *People v. Langston*, No. 00F09092 (Sac. Cnty. Super. Ct.), Ex. I to Second Am. Compl., ECF No. 28, at 61-63.

On February 16, 2005, after the California Supreme Court issued its opinion but prior to the issuance of the remittur or the resentencing hearing, Plaintiff became eligible for parole on his original sentence. Although the Sacramento District Attorney's (D.A.) office apparently attempted to have Plaintiff held in custody, and although Judge Virga ordered the Department of Corrections to detain Plaintiff pending the resentencing hearing, Plaintiff was inadvertently released from custody and placed on parole.

Plaintiff's contentions are not entirely clear, but he appears to believe that the California Supreme Court's order vacated his underlying conviction and that he was therefore entitled to be released outright, with no imposition of parole. Regardless, on April 5, 2005, while on parole, a warrant was issued for Plaintiff's arrest for violating parole conditions. He was arrested by officers of the

Sacramento Police Department on May 3, 2005. On May 13, 2005, he was resentenced before Judge Virga to an additional year in custody as a result of the previously-stayed sentence enhancement. On June 3, 2005, while serving that new one-year sentence, Plaintiff appeared before the Board of Prison Terms for parole revocation and was sentenced to a nine-month term of imprisonment for violating parole conditions. That nine-month sentence was subsequently vacated by the Board.

**B.  Legal Claims**

The Second Amended Complaint appears to state the following causes of action:

1) A claim against correctional case records analysts J.L. Brown and Marcie George, and against parole agent Beverly Swanson, for knowingly causing his false arrest, resulting in an illegal deprivation of his liberty under the Fifth and Fourteenth Amendments ("First Claim");

2) A claim against correctional case records analysts J.L. Brown and Marcie George, and against parole agent Beverly Swanson, for subjecting Plaintiff to cruel and unusual punishment, in violation of the Eighth Amendment ("Second Claim");

3) A claim against parole commissioner K. Cater for depriving Plaintiff of a fair and impartial hearing, in violation of his Procedural Due Process rights under the Fifth and Fourteenth Amendments ("Third Claim");

4) A claim against parole commissioner K. Cater for sentencing Plaintiff to imprisonment for parole violations without

jurisdiction, in violation of the Fifth and Fourteenth Amendments ("Fourth Claim");

5) A claim against deputy district attorney Ruanne Dozier for, absent proper jurisdiction, ordering a detainer hold and thereby depriving Plaintiff of his liberty, in violation of the Fifth and Fourteenth Amendments ("Fifth Claim"); and

6) A claim against Judge Michael Virga for ordering Plaintiff's continued detention without proper jurisdiction, thereby depriving Plaintiff of his liberty, in violation of the Fifth and Fourteenth Amendments ("Sixth Claim").

For the reasons stated below, none of these causes of action sufficiently states a claim upon which relief can be granted.

**1. First Claim**

The crux of Plaintiff's First Claim is that he should not have been subject to parole when he was released from custody on February 18, 2005. Plaintiff claims that Defendants Brown, George, and Swanson had knowledge that the supreme court had vacated the judgment in his case and that he therefore should have been released without parole. Plaintiff also contends that he was unlawfully detained by Defendants Brown and George from February 16-18, 2005; Plaintiff claims he was eligible for release on February 16, 2005, and that the D.A.'s office indicated, at one point, that it did not wish to place a hold on Plaintiff's upcoming release, but that Defendants nonetheless detained him for two extra days.

First, Plaintiff's claim that the California Supreme Court vacated his judgment is incorrect as a matter of law. The Supreme

Court reversed the appellate court's decision to *strike* a one-year sentencing enhancement, and it remanded for the purpose of *reimposing* that enhancement; in other words, the Supreme Court concluded that Plaintiff was eligible for an additional one-year term in prison and required resentencing. *See Langston*, 33 Cal. 4th at 1241. Under these circumstances, Plaintiff's claim that he should have been released on February 16, 2005, without parole due to his "vacated" conviction, is meritless.

Second, Plaintiff selectively relies on an unattributed, handwritten note in his corrections file indicating that Frank Meyers of the Sacramento County D.A.'s office indicated that his office was not requesting a hold on Plaintiff's February 16, 2005 release and parole, even in light of the remand from the California Supreme Court. However, that handwritten note is dated January 20, 2005, more than three weeks prior to Plaintiff's scheduled release. *See* Ex. B to Second Am. Compl., ECF No. 28, at 31. On February 9, 2005, just one week before Plaintiff's release, Defendant Brown sent Mr. Meyers a letter requesting confirmation; and subsequent file notes indicate that on February 14, 2005, Defendant Dozier indicated that she *did* want to place a hold to prevent Plaintiff's release. *See* Ex. C to Second Am. Compl, ECF No. 28, at 34-35. Thus, Defendants Brown, George, and Swanson were not acting without proper authority in preventing Plaintiff's February 16, 2005 release.

Finally, Plaintiff has not pled sufficient facts to demonstrate that Defendants Brown, George, and Swanson acted without jurisdiction or authority in detaining Plaintiff; in fact, the exhibits attached to

Plaintiff's Second Amended Complaint belie his claims. On February 15, 2005, Judge Virga ordered the California Department of Corrections to hold Plaintiff pending resentencing. *See* Ex. G to Second Am. Compl, ECF No. 28, at 50. Instead, the California Department of Corrections erroneously released Plaintiff, but Plaintiff was later arrested and ultimately resentenced. Plaintiff's claim that his detention from February 16-18, 2005 -- in full compliance with Judge Virga's detention order – was somehow ultra vires lacks merit. Defendants Brown, George, and Swanson were obeying a facially-valid order issued by Judge Virga to ensure Plaintiff remained in custody pending resentencing; thus, Defendants did not deprive Plaintiff of liberty without due process of law.

Plaintiff was not entitled to release from prison in light of his pending resentencing. Defendants Brown, George, and Swanson did not unconstitutionally deprive Plaintiff of his liberty, because he was not entitled to any such liberty. Plaintiff has not stated a cognizable § 1983 claim for deprivation of liberty because his complaint does not sufficiently demonstrate that he was denied due process of law.

**2. Second Claim**

Plaintiff baldly alleges that the acts of Defendants Brown, George, and Swanson constitute cruel and unusual punishment in violation of the Eighth Amendment. Plaintiff identifies no specific facts showing cruel or inhumane treatment; instead, his Eighth Amendment claim appears to be wholly predicated on his claim that he was falsely imprisoned by Defendants. As a threshold matter,

"[b]ecause routine discomfort is part of the penalty that criminal offenders pay for their offenses against society," *Hudson v. McMillian*, 503 U.S. 1, 8 (1992), the mere fact that Plaintiff was subject to custodial detention, without more, is insufficient to state an Eighth Amendment claim. Furthermore, as discussed in part III.B.1 above, Plaintiff was not falsely imprisoned; he was detained pursuant to a lawfully-issued court order. Plaintiff has not alleged sufficient facts to support a claim that Defendants' actions resulted in the infliction of cruel and unusual punishment.

### 3. Third Claim

Following on his First Claim, Plaintiff contends that he should not have been placed on parole, and that accordingly, the California Board of Prison Terms -- specifically, Defendant K. Cater -- denied him a fair and impartial parole revocation hearing. Plaintiff offers no facts to support this allegation that he was denied his right to procedural due process. Instead, he concludes that he was denied a "fair and impartial hearing" and that he "submitted clear and convincing evidence[] that he was not on parole." Second Am. Compl, ECF No. 28, at 3.

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to properly state a cause of action. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Plaintiff has failed to allege any facts to "nudge[] [his] claim across the line from conceivable to plausible," Plaintiff's failure to present facts in support of his claim subjects his claim to dismissal. *See Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007).

**4. Fourth Claim**

Plaintiff also contends that he improperly received a nine-month sentence of imprisonment following his parole revocation hearing on June 3, 2005. Plaintiff claims this sentence violated his Due Process rights because Defendant Cater did not have jurisdiction to enter a parole revocation sentence, as Plaintiff was not properly on parole.

As to this Claim, timing is everything. Plaintiff appeared before Judge Virga for resentencing on May 13, 2005; at that time, he was resentenced to an additional year in prison as a result of a sentence enhancement for his original burglary conviction. He did not appear before the parole board until several weeks later, on June 3, 2005, at which time a nine-month revocation sentence was imposed. That revocation judgment was subsequently vacated on September 6, 2005, but Plaintiff remained in custody serving the remaining portion of his original sentence. Thus, according to the facts pled by Plaintiff -- and as evidenced by the exhibits attached to his Second Amended Complaint -- any time Plaintiff spent in custody for the parole violation sentence was served concurrently with his underlying sentence enhancement. And because his parole revocation sentence was ultimately vacated before he finished serving the sentence enhancement, the revocation had no apparent impact on the overall amount of time Plaintiff spent in prison. Accordingly, Plaintiff has not shown that he was deprived of any constitutionally-protected liberty interests as a result of Defendant Cater's acts. Not only is Plaintiff's claim ultimately moot because the Board of Prison Terms vacated his parole revocation sentence, Plaintiff has failed to show

that the sentence actually deprived him of a liberty interest: he was properly in custody before, during, and after the parole revocation. The facts Plaintiff alleges thus do not rise to the level of a constitutional deprivation under § 1983.

### 5. Fifth Claim

Prosecutors are immune from liability in § 1983 actions for their quasi-judicial acts. *Imbler v. Pachtman,* 424 U.S. 409, 430-31 (1976) (according absolute immunity to a prosecutor who was sued for damages for knowingly using perjured testimony that resulted in an innocent person's conviction and incarceration for nine years); *see also Kalina v. Fletcher,* 522 U.S. 118 (1997). To determine whether absolute prosecutorial immunity exists, the court must determine whether the prosecutor was acting within the scope of her authority and in a quasi-judicial capacity. *Schlegel v. Bebout*, 841 F.2d 937, 942 (9th Cir. 1988). The court's inquiry must focus on the particular prosecutorial conduct of which Plaintiff complains. To determine whether conduct of a state official is within his or her authority, the proper test is not whether the act performed was manifestly or palpably beyond his or her authority, but rather whether it is more or less connected with the general matters committed to his or her control or supervision. *Schlegel*, 841 F.2d at 943.

The allegation made by Plaintiff against Defendant Ruanne Dozier is insufficient to withstand prosecutorial immunity. Plaintiff apparently contends that Defendant Dozier deprived Plaintiff of his liberty by placing an "illegal detainer hold" on him to prevent his release from custody without proper jurisdiction. However,

Plaintiff's detention -- which was in fact ordered by Judge Virga, *see* Ex. G to Second Am. Compl., ECF No. 28, at 50 -- was for the purpose of resentencing. To the extent Defendant Dozier may have sought or consented to this hold, her quasi-judicial act is fully committed to her discretion. Plaintiff's allegations do not show that Defendant Dozier's acts were beyond the scope of her authority or were not an integral part of the judicial process. Accordingly, Defendant Dozier is entitled to prosecutorial immunity.

### 6. Sixth Claim

Judges are absolutely immune for all judicial acts performed within their subject-matter jurisdiction when the plaintiff is seeking damages for a civil rights violation. *Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986). An act is a "judicial" one when it is a function normally performed by a judge and the parties dealt with the judge in his judicial capacity. *Sparkman*, 435 U.S. at 362; *Crooks v. Maynard*, 913 F.2d 699, 700 (9th Cir. 1990). Absolute immunity exists even when there are charges that the judge acted maliciously; it exists "however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." *Bradley v. Fisher*, 80 U.S. 335, 347 (1871); *Pierson v. Ray,* 386 U.S. 547, 554 (1967) (judges should not have to "fear that unsatisfied litigants may hound him with litigation charging malice or corruption.").

Plaintiff summarily concludes that Judge Virga deprived him of his liberty by ordering Plaintiff held pending resentencing. In this case, Plaintiff's argument rests on a technicality: although the

California Supreme Court had reversed the Third District Court of Appeal and remanded Plaintiff's conviction for resentencing, the appellate court had not yet issued remittur to the trial court. Because remittur was not issued until March 5, 2005, Plaintiff claims that Judge Virga lacked jurisdiction to order him held on February 15, 2005. This argument, however, lacks merit.

Although a trial court ordinarily "loses jurisdiction after the filing of an appeal over anything which may affect the judgment[,] [a]n exception to this loss of jurisdiction is recognized as to matters that are collateral or supplemental to the questions involved on the appeal." *People v. Schulz*, 5 Cal. App. 4th 563, 570 (1992). In this case, ordering Plaintiff held pending resentencing did not affect the judgment or validity of Plaintiff's appeal, but was instead a collateral issue. Judge Virga validly exercised his discretion to detain Plaintiff pending further proceedings in his Court; he did not lose jurisdiction to enter such collateral orders simply by virtue of Plaintiff's appeal.

In short, Plaintiff fails to state facts indicating that Judge Virga acted in the "clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. at 357. Plaintiff has not alleged any set of facts which would lower the shield of absolute judicial immunity.

**C.     Opportunity to Amend or Voluntarily Dismiss Complaint**

Unless it is absolutely clear that amendment would be futile, a *pro se* litigant must be given the opportunity to amend his complaint to correct any deficiencies. *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

Plaintiffs Fifth and Sixth Claims, against Defendants Dozier and Virga, respectively, are plainly barred under the doctrine of absolute immunity. It is clear that no amendment would permit Plaintiff to bring viable claims against these parties; accordingly, the Court dismisses these claims with prejudice and terminates both Defendants as parties to this action. Should Plaintiff file an amended complaint, as set forth below, he may not assert these claims against Defendants Dozier and Virga.

As to the First, Second, Third, and Fourth Claims, the Court cannot presently conclude that providing Plaintiff with an opportunity to amend his Complaint would be futile. Accordingly, Plaintiff may submit an amended complaint within **sixty (60) days** of the date of this Order which includes sufficient facts to establish federal subject-matter jurisdiction. *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980). To do so, Plaintiff must show how identified Defendants, acting under color of state law, violated his constitutionally protected rights.

Furthermore, Plaintiff shall set forth his factual allegations in separate numbered paragraphs. **THIS AMENDED COMPLAINT WILL OPERATE AS A COMPLETE SUBSTITUTE FOR (RATHER THAN A MERE SUPPLEMENT TO) THE PRESENT COMPLAINT.** The amended complaint must be legibly rewritten or retyped in its entirety; it should be an original and not a copy; it may not incorporate any part of the original complaint by reference; **IT MUST BE CLEARLY LABELED "THIRD AMENDED COMPLAINT"; and Cause No. CV-08-2475-EFS (PC) must be written in the caption.**

**PLAINTIFF IS CAUTIONED IF HE FAILS TO AMEND WITHIN 60 DAYS AS DIRECTED, THE COURT WILL DISMISS THE COMPLAINT FOR FAILURE TO STATE A CLAIM UNDER 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1).** Pursuant to 28 U.S.C. § 1915(g), enacted April 26, 1996, a prisoner who brings three or more civil actions or appeals which are dismissed on grounds they are legally frivolous, malicious, or fail to state a claim, will be precluded from bringing any other civil action or appeal *in forma pauperis* "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

If Plaintiff chooses to amend his complaint and the Court finds the amended complaint is frivolous, malicious, or fails to state a claim, the amended complaint will be dismissed pursuant to 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2). Such a dismissal would count as one of the dismissals under 28 U.S.C. § 1915(g).

Alternatively, the Court will permit Plaintiff to voluntarily dismiss his Complaint pursuant to Federal Rule of Civil Procedure 41(a). Plaintiff may submit a Motion to Voluntarily Dismiss the Complaint within **sixty (60) days** of the date of this Order or risk dismissal under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2), and a "strike" under 28 U.S.C. § 1915(g). A voluntary dismissal within this 60 day period will not count as a strike.

*//*

*//*

*//*

*//*

*//*

**IV. CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED:**

1. Plaintiff's Fifth and Sixth Claims, as identified in this Order, are **DISMISSED WITH PREJUDICE.**

2. The Clerk's Office is **DIRECTED** to terminate Defendants Ruanne Dozier and Michael Virga as parties to this action.

3. As to his remaining claims, Plaintiff is granted leave to submit an amended complaint or to voluntarily dismiss his Complaint within **sixty (60) days** of the date of this Order; if he fails to do either, the Court will dismiss the Second Amended Complaint with prejudice, direct the Clerk to enter a § 1915(g) "strike" against Plaintiff, and close this file.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and to forward a copy to Plaintiff at his last known address.

**DATED** this 16th day of January 2013.

                                    s/ Edward F. Shea
                                    EDWARD F. SHEA
                     Senior United States District Judge