UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION

WALTER S. LANGSTON,

Plaintiff,

v.

BEVERLY SWANSON, Parole Agent, Region 1 Parole Unit; and K. CATER, Parole Commissioner, Board of Prison Terms,

Defendants.

No.: CV-08-2475-EFS (PC)

**ORDER DISMISSING THIRD AMENDED COMPLAINT, DIRECTING ENTRY OF JUDGMENT, AND CLOSING FILE**

**§ 1915(g)**

## I. INTRODUCTION

Plaintiff Walter S. Langston's initial complaint was filed on October 17, 2008. ECF No. 1. On March 27, 2008, the Court dismissed this action without prejudice because Plaintiff failed to submit a certified prison trust account statement, as required by 28 U.S.C. § 1915(a)(2), within sixty (60) days of filing his Complaint. ECF No. 15. Plaintiff belatedly complied and, on January 8, 2010, he moved for reconsideration of the dismissal order and judgment. The Court granted his motion, vacated the judgment, and reopened the case. ECF No. 20. On May 30, 2012, after nearly two years of inactivity in the case, the Court directed Plaintiff to submit a status update indicating whether he wished to pursue his claims. ECF No. 24.

Plaintiff indicated he wished to pursue his claims and sought leave to file an amended complaint, which the Court granted. ECF No. 27.

On August 27, 2012, Plaintiff submitted his Second Amended Complaint. ECF No. 28. On January 16, 2013, the Court dismissed certain claims with prejudice and granted Plaintiff leave to either a) file another amended complaint stating claims upon which relief could be granted, or b) voluntarily dismiss his complaint. ECF No. 29. Plaintiff elected the former approach, and he filed his Third Amended Complaint on March 11, 2013. ECF No. 33.

The Third Amended Complaint is now before the Court for screening pursuant to 28 U.S.C. § 1915A. For the reasons stated herein, Plaintiff's present allegations fail to state a claim upon which relief can be granted. Moreover, because Plaintiff has now twice failed to file a legally-sufficient complaint, the Court dismisses the complaint and directs entry of judgment in favor of Defendants.

//

//

//

//

//

//

//

//

//

//

## II. BACKGROUND

### A. Factual Allegations[1]

On March 9, 2001, Plaintiff appeared before Judge Michael Virga of the Sacramento County Superior Court for sentencing following his conviction by jury trial for burglary and receiving stolen property. Plaintiff was sentenced to a total of six years imprisonment on the substantive counts, and he also received three consecutive one-year sentence enhancements for three prior criminal convictions. Because one of those prior convictions was for escaping from custody –- custody which was imposed for one of his prior convictions -- the trial court was undecided whether the escape-from-custody conviction counted as a "separately served" conviction under California Penal Code § 667.5(b) for purposes of receiving a one-year enhancement. The trial court stayed the one-year enhancement for his escape-from-custody conviction, resulting in a total sentence of eight years. The Third District Court of Appeals subsequently modified the judgment by striking the one-year stayed enhancement for the escape-from-custody conviction; otherwise, the appellate court affirmed in all respects.

---

[1] The facts contained herein are set forth in the Court's prior Order, ECF No. 29, Plaintiff's Third Amended Complaint, ECF No. 33, and the California Supreme Court's opinion in *People v. Langston*, 33 Cal. 4th 1237 (2004), an opinion addressing the appeal of Plaintiff's underlying criminal conviction. The Court assumes these factual assertions to be true for the purposes of screening Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A. *Jenkins*, 395 U.S. at 421.

In a published opinion, the Supreme Court of California concluded that Plaintiff's escape-from-custody conviction qualified as a separately-served prison term within the meaning of § 667.5(b). *People v. Langston*, 33 Cal. 4th 1237, 1241 (2004). The court concluded that the appellate court erred in striking the enhancement, and it remanded for imposition of the one-year enhancement. *Id.* at 1246. The appellate court subsequently remanded to the trial court, Judge Virga, for imposition of the additional sentence. By way of remittur issued on March 8, 2005, the appellate court instructed Judge Virga to impose the additional one-year enhancement for the escape from custody conviction. Resentencing Tr. of 5/13/05, *People v. Langston*, No. 00F09092 (Sac. Cnty. Super. Ct.), Ex. I to Second Am. Compl., ECF No. 28, at 61-63.

On February 16, 2005, after the California Supreme Court issued its opinion — but prior to the issuance of the remittur or the resentencing hearing — Plaintiff became eligible for release and parole on his original sentence. Although the Sacramento District Attorney's (D.A.) office apparently sought to have Plaintiff held in custody, and although Judge Virga ordered the Department of Corrections to detain Plaintiff pending the resentencing hearing, Plaintiff was inadvertently released from custody and placed on parole.

At this point, Plaintiff apparently believed that the California Supreme Court's order vacated his underlying conviction and that he was therefore entitled to be released outright, with no imposition of parole. On April 5, 2005, while on parole, a warrant was issued for

Plaintiff’s arrest for violating parole conditions. He was arrested by officers of the Sacramento Police Department on May 3, 2005. While awaiting his parole revocation hearing, on May 13, 2005, he was resentenced before Judge Virga to an additional year in custody as a result of the previously-stayed sentence enhancement. On June 3, 2005, while serving that new one-year sentence, Plaintiff appeared before the Board of Prison Terms for parole revocation and was sentenced to a nine-month term of imprisonment for violating parole conditions. That nine-month sentence was subsequently vacated by the Board once it became clear that Plaintiff was never properly on parole and should not have been released from custody in the first place.

**B. Legal Claims**

Plaintiff’s legal claims are largely identical to the claims he asserts in the Second Amended Complaint. He asserts that Defendant Swanson, his original parole agent, failed to investigate and discover that he should not have been on parole, issued a warrant for his arrest without probable case, falsely imprisoned him, and entered a “parole hold,” preventing his release from custody. Plaintiff also asserts that Defendant Cater failed to investigate the invalidity of his parole and therefore unlawfully restrained him and falsely imprisoned him on a parole revocation sentence. Plaintiff claims that these acts violate the Fourth, Eighth, and Fourteenth Amendments to the U.S. Constitution, and he seeks damages pursuant to 42 U.S.C. § 1983.

//

//

## III. LEGAL STANDARDS

### A. Prison Litigation Reform Act

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. §§ 1915A(b)(1)-(2), 1915(e)(2); *see also Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989); *Franklin*, 745 F.2d at 1227.

A complaint, or portion thereof, will be dismissed for failure to state a claim upon which relief may be granted if it appears the "[f]actual allegations . . . [fail to] raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). Failure to present enough facts to

state a claim to relief that is plausible on the face of the complaint will subject that complaint to dismissal. *Id.* at 570. The Court must construe the pleading in a light most favorable to Plaintiff, and resolve all doubts in Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

**B. Amended Complaint**

An amended complaint entirely supercedes the original complaint, and must therefore be complete in itself without reference to the prior or superceded pleading. *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). Therefore, all defendants or causes of action alleged in a prior complaint "which are not alleged in an amended complaint are waived." *King*, 814 F.2d at 567 (citing *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981)); *accord Forsyth*, 114 F.3d at 1474. The Court will therefore only consider the material presented in Plaintiff's Third Amended Complaint, ECF No. 33.

**C. Section 1983**

Section 1983 requires a claimant to prove that (1) a person acting under color of state law (2) committed an act that deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States. *Leer v. Murphy*, 844 F.2d 628, 632-33 (9th Cir. 1988). A person deprives another "of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that 'causes' the deprivation of which [the plaintiff complains]." *Redman v. Cnty. of*

*San Diego*, 942 F.2d 1435, 1439 (9th Cir. 1991) (alteration in original), *cert. denied*, 502 U.S. 1074 (1992); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

A complaint must set forth the specific facts upon which the plaintiff relies in claiming the liability of each defendant. *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). Even a liberal interpretation of a civil rights complaint may not supply essential elements of a claim that the plaintiff failed to plead. *Id*. at 268. To establish liability pursuant to § 1983, a plaintiff must set forth facts demonstrating how each defendant caused or personally participated in causing a deprivation of the plaintiff's protected rights. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). The plaintiff must present a causal connection between named defendants and the conduct of which he complains. *See Hamilton v. Endell*, 981 F.2d 1062, 1067 (9th Cir. 1992).

**IV. DISCUSSION**

Although Plaintiff’s Third Amended Complaint provides additional factual assertions and only asserts claims against Defendants Swanson and Cater, Plaintiff still fails to state a claim upon which relief can be granted.

The crux of Plaintiff’s claims is that he should not have been subject to parole when he was released from custody on February 18, 2005. Plaintiff contends that “THE THIRD DISTRICT APPELLATE COURT OF CALIFORNIA released plaintiff on his own recognizance,” and that imposition of parole or parole conditions was therefore invalid. All

of Plaintiff’s claims stem from this allegation; according to him, because parole should never have been imposed, the issuance of the arrest warrant, his subsequent detention, the parole revocation hearing, and his eventual parole revocation sentence all amounted to constitutional violations.

As the Court has previously explained, *see* ECF No. 29, at 8-9, Plaintiff’s claim that he was (or should have been) released on February 18, 2005, without imposition of parole is simply incorrect. The Supreme Court reversed the appellate court’s decision to *strike* a one-year sentencing enhancement, and it remanded for the purpose of *reimposing* that enhancement; in other words, the Supreme Court concluded that Plaintiff should have received an additional one-year term in prison, and it directed the lower courts to resentence Plaintiff accordingly. *See Langston*, 33 Cal. 4th at 1241.

Under these circumstances, Plaintiff’s claim that he should have been released on February 16, 2005, without parole due to his “vacated” conviction, is meritless. Plaintiff was not entitled to release from prison in light of his pending resentencing. Defendant Swanson did not unconstitutionally deprive Plaintiff of his liberty, because he was not entitled to any such liberty. Defendant Swanson’s issuance of an arrest warrant and the detention of Plaintiff, prior to his May 13, 2005 appearance before Judge Virga for resentencing, was proper, as he was not eligible to be released from prison. The fact that the warrant and subsequent detention was purportedly instituted for parole violations, as opposed to the fact that Defendant was erroneously released, has no legal significance. *See, e.g.*, *United*

*States v. Joyner*, 492 F.2d 655, 656 (D.C. Dir. 1974) (stating that "an arrest will be upheld if probable cause exists to support arrest for an offense that is not denominated as the reason for the arrest by the arresting officer.").

Plaintiff also contends that he improperly received a nine-month sentence of imprisonment following his parole revocation hearing on June 3, 2005. Plaintiff claims this sentence violated his Due Process rights because Defendant Cater did not have jurisdiction to enter a parole revocation sentence, as Plaintiff was not properly on parole.

As the Court has already explained, the revocation sentence was improper because Plaintiff should not have been on parole: he should have been in custody already. But in this case, the error had no effect on Plaintiff. He appeared before Judge Virga for resentencing on May 13, 2005; at that time, he was resentenced to an additional year in prison as a result of a sentence enhancement for his original burglary conviction. He did not appear before the parole board until several weeks later, on June 3, 2005, at which time a nine-month revocation sentence was imposed. That revocation judgment was subsequently vacated on September 6, 2005, but Plaintiff nonetheless remained in custody serving the remaining portion of his original sentence. Thus, according to the facts pled by Plaintiff, any period of time Plaintiff spent in custody for the parole violation sentence was served concurrently with his underlying sentence enhancement. And because his parole revocation sentence was ultimately vacated before he finished serving the sentence enhancement, the revocation had no apparent impact on the overall amount of time Plaintiff spent in

prison. Accordingly, Plaintiff has not shown that he was deprived of any constitutionally-protected liberty interests as a result of Defendant Cater's acts. Not only is Plaintiff's claim ultimately moot because the Board of Prison Terms vacated his parole revocation sentence, Plaintiff failed to show that the sentence actually deprived him of a liberty interest: he was properly in custody before, during, and after the parole revocation. The facts Plaintiff alleges do not rise to the level of a constitutional violation under § 1983.

## V. CONCLUSION

Having now provided Plaintiff with several opportunities to amend his complaint, and having now twice screened his allegations, the Court concludes that providing Plaintiff with any further opportunity to amend his complaint would be futile. Although his Third Amended Complaint provides additional facts to support his claims, his underlying claims and allegations remain largely unchanged; they are still predicated on his apparent misunderstanding that he was entitled to be released from custody (and be free from parole) in February 2005. Further amendments cannot change the fact that Plaintiff has no legal basis for challenging his May 3, 2005 arrest, his subsequent detention pending resentencing, and the imposition (and eventual revocation) of a parole revocation sentence which did not impact the total amount of time he spent in custody.

Pursuant to 28 U.S.C. § 1915(g), enacted April 26, 1996, a prisoner who brings three or more civil actions or appeals which are dismissed on grounds they are legally frivolous, malicious, or fail to state a claim, will be precluded from bringing any other civil action

or appeal *in forma pauperis* "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Because Plaintiff chose to file the Third Amended Complaint, and because the Court has again found that the complaint fails to state a claim upon which relief will be granted, the Third Amended Complaint is hereby dismissed pursuant to 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2).

Accordingly, **IT IS HEREBY ORDERED:**

1. The Third Amended Complaint, **ECF No. 33**, is **DISMISSED WITH PREJUDICE**. This dismissal counts as a "strike" for purposes of § 1915(g).
2. The Clerk's Office is directed to **ENTER JUDGMENT** in favor of all Defendants and to **CLOSE** this file.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and to forward a copy to Plaintiff at his last known address.

**DATED** this 30th day of April 2013.

s/ Edward F. Shea
EDWARD F. SHEA
Senior United States District Judge